**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JEFFREY FLEURY,

               Petitioner,

    v.

MATTHEW DIVRIS, Superintendent,

               Respondent.

Civ. No.: 25-cv-40206-MRG

**ORDER ON RESPONDENT'S MOTION TO DISMISS [ECF No. 16] and PETITIONER'S MOTION TO APPOINT COUNSEL [ECF No. 7]**

**GUZMAN, J.**

Jeffrey Fleury ("Petitioner") was convicted in Franklin Superior Court of rape of a child aggravated by more than a five-year age difference and witness intimidation. Petitioner, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, presenting two claims for relief of his sentence.

**A. Respondent's Motion to Dismiss is GRANTED**

Respondent argues that Petitioner presents both exhausted and unexhausted claims to this Court for review. A petitioner cannot obtain relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A) (stating rule as to those "in custody pursuant to the judgment of a State court"). This exhaustion doctrine exists to foster "respectful, harmonious relations between the state and federal judiciaries." Wood v. Milyard, 566 U.S. 463, 471 (2012). To meet the doctrine's requirement, a "petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"

1

Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (quoting Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994)).

For the reasons stated in the Respondent's memorandum, [ECF No. 17],  the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, [ECF No. 1], will be **DISMISSED without prejudice within 45 days** (that is, by July 31, 2026), unless petitioner files an amended petition, on or before that date, that includes only claims as to which he has exhausted his state-court remedies.

### B.  Motion to Appoint Counsel[1]

Further, the court **denies without prejudice** the motion to appoint counsel, [ECF No. 7]. While there is no constitutional right to counsel in a civil habeas proceeding, the Court may appoint counsel for a financially eligible habeas petitioner seeking relief under 28 U.S.C. § 2254, if the interests of justice so require. 18 U.S.C § 3006A(a)(2)(B); Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981) (explaining that the right to counsel attaches only where an individual "may lose his physical liberty if he loses the litigation"); DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (holding that, to be entitled to appointed counsel, a civil litigant "must demonstrate that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights"); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) ("A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987))).

When considering whether exceptional circumstances exist to authorize the appointment of counsel for a habeas petitioner, the Court "must examine the total situation" of a petitioner's case,

---

[1] Insofar as Petitioner submitted the motion to proceed *in forma pauperis* as proof of indigency for this matter, [ECF Nos. 2, 4], the Court considers that motion in conjunction with its consideration of the Motion to Appoint Counsel, [ECF No. 7].

including all relevant factors. <u>DesRosiers</u>, 949 F.2d at 24. The First Circuit has identified factors to determine whether the "rare" appointment of counsel is warranted in habeas cases. <u>Fitzpatrick v. Ryan</u>, No. 13-cv-11756, 2013 WL 4499375, at *1 (D. Mass. Aug. 16, 2013) (citing <u>United States v. Mala</u>, 7 F.3d 1058, 1063–64 (1st Cir. 1993)). Those factors are: (1) a likelihood of success on the habeas claim, (2) the factual and legal complexities of the case, and (3) the petitioner's ability to present his claims. <u>Id.</u> (citing <u>Mala</u>, 7 F.3d at 1063–64). In the instant case, a review of these factors compels the conclusion that the appointment of counsel is not warranted.

Petitioner provides no argument or evidence that there are exceptional circumstances to this case to warrant the appointment of counsel. Petitioner has demonstrated an ability to file cogent pleadings and motions, and nothing in the record at this time suggests that an evidentiary hearing would be necessary to resolve the one properly exhausted claim. The motion is therefore denied without prejudice to refiling if Petitioner can otherwise show that there are exceptional circumstances warranting an appointment in this case.

### C. **<u>Conclusion</u>**

For the foregoing reasons, the Respondent's Motion to Dismiss, [ECF No. 16] is **<u>granted</u>**, the habeas petition is dismissed without prejudice. Petitioner will have until July 31, 2026, to file an amended petition representing only his exhausted claims for habeas relief. Additionally, Petitioner's motion to appoint counsel, [ECF No. 7], is **<u>denied without prejudice</u>**. Petitioner may refile his motion if he can show exceptional circumstances warranting an appointment in this case.

**SO ORDERED.**

Dated: June 15, 2026

        /s/ Margaret R. Guzman
        Margaret R. Guzman
        United States District Judge